UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEITH J. OFFORD** | **DOCKET NO. 2:24-cv-01409** |
| **REG. # 21989-026** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court are the original and amended petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Keith J. Offord ("Petitioner"). Docs. 1, 4. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Petersburg, Virginia (doc. 5), but was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"), a the time of filing the petition in this matter.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons IT IS RECOMMEDED that the petition be DENIED and DISMISSED WITHOUT PREJUDICE.

### I.
#### BACKGROUND

Petitioner is currently serving a sentence imposed by the United States District Court in Springfield, Illinois. Doc. 4, p. 1, ¶ 4. He challenges the calculation of time credits. *Id*. at p. 5.

---

[1] Jurisdiction in this court attached on the initial filing for habeas corpus relief, and it was not destroyed by the transfer of Petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Exhaustion

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the

warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process. The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver,* 269 Fed. App'x. 372 (5th Cir. 2008).

Petitioner contends that he has fully exhausted his administrative remedies. However, the attachments to his petition belie his position. Petitioner's informal grievance on the issue of jail credits was properly filed and a response was received. *See* docs. 1, att. 2, pp. 2-3. A BP-9 was subsequently filed with the Warden on or about November 3, 2023 (*id*. at p. 4), and a response was received, addressing the merits of the grievance on or about November 13, 2023 (*id*. at pp. 5-6). Petitioner timely appealed the Warden's decision and on March 15, 2024, the Regional Director denied his BP-10 appeal (*id*. at p. 8). On or about September 1, 2024, Petitioner filed a BP-11 with the Central Office, which was received on or about September 12, 2024, and denied as untimely. *Id*. at p. 11. While the Response included instructions for Petitioner to "provide staff verification stating reason untimely filing was not your fault," (*id*.), there is no evidence in the record that Petitioner took any steps to comply. Petitioner's untimely BP-11 cannot assist in proving exhaustion.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further **RECOMMENDED** that all other pending motions be **DENIED as MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 28th day of January, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE